UNITED STATES BANKRUPTCY COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br>Eternal Enterprise, Inc.<br><br>　　　Debtor | CHAPTER   11<br><br>Case No.  14-20292 |
| Eternal Enterprise, Inc.<br>　　　Movant | |
| Vs | |
| Astoria Federal Mortgage Corporation<br>　　　Respondent | March 10, 2014 |

EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM

USE OF CASH COLLATERAL AND PROVIDING ADEQUATE

PROTECTION PURSUANT TO 11 U.S.C. SECTION 363 (c) (2) (B)

AS TO 56 WEBSTER STREET, HARTFORD, CT

Eternal Enterprise, Inc., the Debtor and Debtor-In-Possession (the "Debtor"), by and

through it's undersigned counsel, hereby moves pursuant to 11 U.S.C. Section 363 (c) (2)

(B) as complemented by Bankruptcy Rules of Procedure 4001 and 9014, seeking a order

authorizing Interim use of cash collateral and providing adequate protection to it's secured creditors and as grounds therefore states:

1. On February 19, 2014, the Debtor filed a voluntary petition for the relief afforded by Chapter 11 of Title 11 U.S.C., Section 1101 et seq. in this Court.

2. In accordance with Section 1107 and Section 1108 of the Bankruptcy Code, the Debtor was and is authorized to continue in possession of its properties and operate and manage its business as a Debtor-In-Possession. No trustee or examiner has been appointed in these proceedings.

3. The Debtor owns a piece of real estate known as 56 Webster Street, Hartford, CT (the "Property").

4. The Respondent, Astoria Federal Mortgage Corporation, may assert a claim and such claim may be secured by, inter alia, a mortgage on the Property and a Collateral Assignment on the Debtor's rents from said Property.

6. To the extent Astoria Federal Mortgage Corporation posses a valid duly perfected security interest in the rents generated from the Property, then all funds received by

the Debtor constitute cash collateral within the purview of Section 363 of the Bankruptcy Code.

7. Section 363 of the Bankruptcy Code prohibits the Debtor from using cash collateral unless the Debtor obtains the consent of Astoria Federal Mortgage Corporation. or, if after notice and hearing, the Court authorizes the Debtor's use of cash collateral in accordance with the provisions of Section 363.

8. By this Motion, the Debtor seeks authority to use cash collateral on a Interim basis until the hearing on the final order on use of cash collateral for the purpose of maintaining and operating its business, including, but not limited to paying expenses for payroll, overhead, tax escrow payments, insurance payments and other miscellaneous maintenance and ordinary course of business fees and expenses. The Debtor anticipated that it will require the use of approximately $35,558.40 of cash collateral for the 6 month period from March 1, 2014 through August 31, 2014 for such purposes through the date of the hearing (projected to be on March 13, 2014) on the final order for use of cash collateral. A budget is attached hereto as Schedule "A" which reflects the income and expenses of the business.

9. In consideration for the Debtor's use of cash collateral, and to adequately protect the interests of the Respondent for its interest therein, the Debtor seeks to grant to the Respondent a replacement lien on all rent receivables generated by the Property after the filing of the petition pursuant to 11 U.S.C. Section 361 (2) to the extent of any diminution in value of the respective interests to the extent such interests are determined to be valid and perfected interests in the cash collateral and to the extent of such cash collateral is in fact used.

10. The Debtor's need for use of cash collateral remains compelling.  The Debtor's sole income is generated from the operation of the Debtor's business and the monies received there from.

11. The Debtor's use of cash collateral will be solely for the purpose of maintaining, operating, enhancing, preserving and protecting the value and integrity of the business and Property which will inure to the benefit of the estate and the Respondent.

12. The Debtor believes entry of an order authorizing the Interim use of cash collateral as described herein will be in the interest of the estate and all creditors and parties

in interest.  Without authority to use cash collateral, the Debtor will be unable to operate, preserve and protect the integrity of the business and/or the Property,  Such a result would prematurely terminate the Debtor's efforts to successfully reorganize under the rehabilitative provisions of Chapter 11 and would cause the waste and deterioration of the business and/or the Property.

13.    By this Motion, the Debtor seeks authority to use cash collateral for a period of 6 months or until such other hearing on the final order for use of cash collateral as scheduled by the Court.

Respectfully submitted, this 10th day of March, 2014.

The Debtor

BY/s/Peter L. Ressler
Debtor's Attorney
Federal Bar no ct09324
Groob, Ressler & Mulqueen PC
123 York Street, Suite 1B
New Haven, CT 06511
Phone (203) 777-5741
Fax (203) 777-4206
Email: ressmul@yahoo.com

CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was served to the following via the Court's electronic mail or First Class Mail and/or Electronic Notice of Filing:

Office of the U.S. Trustee
One Century Tower
265 Church Street
New Haven, CT 06511

Astoria Federal Mortgage Corporation
ATTN: President
1 Astoria Federal Plaza
New Hyde Park, NY 11042.

                                                    /s/Peter L. Ressler
                                                    Debtor's Attorney
                                                    Federal Bar no ct09324
                                                    Groob, Ressler & Mulqueen PC
                                                    123 York Street, Suite B
                                                    New Haven, CT 06511
                                                    Phone (203) 777-5741
                                                    Fax (203) 777-4206
                                                    Email: ressmul@yahoo.com

Case 14-20292    Doc 14    Filed 03/10/14    Entered 03/10/14 14:54:19    Desc Main
Document      Page 8 of 10