# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>**Eternal Enterprise, Inc.**<br>         **Debtor**<br><br>**Eternal Enterprise, Inc.**<br>         **Movant**<br><br>Vs<br><br>**Astoria Federal Mortgage Corporation**<br>         **Respondent** | **CHAPTER   11**<br><br>**Case No.  14-20292**<br><br><br>RE: ECF No. 14-20 |

<u>ORDER AUTHORIZING USE OF CASH
COLLATERAL AND PROVIDING ADEQUATE
PROTECTION PURSUANT TO 11 U.S.C. SECTION 363 (c) (2) (B)
RE: 21 EVERGREEN STREET, HARTFORD, CT; 243 and 255 LAUREL STREET,
HARTFORD, CT; 270 LAUREL STREET, HARTFORD, CT; 252 LAUREL STREET,
HARTFORD, CT; 154-160A COLLINS STREET, HARTFORD, CT; 117-145 SOUTH
MARSHALL STREET, HARTFORD, CT AND 56 WEBSTER STREET, HARTFORD, CT</u>

THIS MATTER came before the Court upon the Debtor's Emergency Motion for Interim Authority to Use Cash Collateral, the Court having considered arguments of counsel and all interested parties present before the Court, there being no objection to the relief sought, and there being due and sufficient notice therefor for use of cash collateral, it is represented that:

1.      On February 19, 2014  Eternal Enterprise, Inc. (hereafter the "Debtor"), filed a voluntary petition for the relief afforded by  Chapter 11, Title 11, U.S.C. Section 1101, <u>et</u> <u>seq.</u>, in this Court.  In accordance with Section 1107 and Section 1108 of the Bankruptcy Code, the Debtor was authorized to continue to operate and manage its business as a Debtor-In-Possession. No trustee or examiner has been appointed in these proceedings.

2.      It is essential to the Debtor's business and operations to use cash generated from rents so as to continue to make ordinary course business expenses including maintaining the property.  Without court authority to use the cash collateral, the Debtor will suffer harm and be forced to terminate operations and abort any chance for successful reorganization.  The absence of authority to use cash collateral will more than likely result in terminated operations and the loss of the going concern value to the Debtor's estate.

3.      Secured creditor Astoria Federal Mortgage Corporation has claimed a duly perfected non-avoidable security interest in the Debtor's rents.

4.      This Court finds that it is in the best interest of the Debtor, the secured creditor and all creditors and parties in interest, and to avoid harm to the Debtor, that the use by the Debtor of the secured creditor's cash collateral on the terms and conditions set forth herein, it is hereby ordered

   Pursuant to 11 U.S.C. Section 363 (c) (2) (B), and subject to the further terms and conditions set forth herein, the Debtor is hereby authorized to use cash collateral on a interim basis, which cash collateral the Debtor concedes is subject to the security interests of Astoria Federal Mortgage Corporation.  The Debtor may use cash collateral for maintaining the properties at 21 Evergreen Street, Hartford, CT;  243 and 255 Laurel Street, Hartford, CT;  270 Laurel Street, Hartford, CT;   252 Laurel Street, Hartford, CT;   154-160A Collins Street, Hartford, CT;  117-145 South Marshall Street, Hartford, CT and 56 Webster Street, Hartford, CT to meet all necessary business expenses incurred in the ordinary course of its business, including payment of court approved professional fees and U.S. Trustee's statutory fees.  The use of cash collateral is necessary to continue the operations and for the benefit of the estate, and

    b. In exchange for use of cash collateral by the Debtor and as adequate protection for Astoria Federal Mortgage Corporation's interests therein, said secured creditor is hereby granted replacement liens as provided in 11 U.S.C. Section 361 (2) in all after-acquired rents of the Debtor from this property, and that said liens shall be of equal extent and priority to that which the Bank enjoyed with regard to the said property at the time the Debtor filed its Chapter 11 petition, and

    c. Astoria Federal Mortgage Corporation is authorized and is hereby granted relief from the automatic stay to take whatever steps are necessary under applicable law to perfect any replacement liens granted under this Order. However, it shall not be necessary for it to take any steps to perfect such replacement lien, which will be deemed perfected pursuant to this order, and

    d. The term for use of cash collateral shall be for a period commencing on June 1, 2014 and ending on August 31, 2014, and

    e. The Debtor is hereby authorized to use up to but not in excess of $471,600.00 of cash collateral for the period of 3 months through and including June 1, 2014 until August 31, 2014 for those expenses and other items contemplated by this Order, and as specifically identified in the budget, annexed hereto.

    f. Notwithstanding anything to the contrary herein, the following limited expenses of the Debtor's estate shall be deemed to have a prior right to satisfaction from all Cash Collateral generated post-petition and from all other assets of the Debtor:

    (i). fees and expenses owed under 28 U.S.C. Sec. 1930

    g.  The Debtor shall not make any payment on any loans from insiders or officers.

    h.  The Debtor will make adequate protection payments to Astoria Federal Savings for each month by the 15th of each month as follows: $40,000.00 for the month of June, 2014; $40,500.00 for the month of July, 2014; and $41,000.00 for the month of August, 2014.

    i.  A hearing on the continued use of cash collateral will be on August 28, 2014 at 10:00 AM at 450 Main Street, 7th Floor, Hartford, CT.

Dated: May 30, 2014

                                 Albert S. Dabrowski
                               Chief United States Bankruptcy Judge