**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **ETERNAL ENTERPRISE, INC.,** | **Case No. 14-20292 (JJT)** |
| **Debtor.** | |

## UNITED STATES TRUSTEE'S STATEMENT OF OBJECTION TO HARTFORD HOLDINGS' MOTION TO VACATE CONFIRMATION

**TO: The Honorable James J. Tancredi, United States Bankruptcy Judge.**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),

in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3)(D) and (5),

respectfully states his objection to the Motion of secured creditor Hartford Holdings, LLC

("Hartford Holdings") to vacate confirmation of its Second Modified Fifth Amended Plan of

Reorganization which Amended Order entered on April 19, 2017 [ECF # 1018].  In support of

his statement, the United States Trustee, through his undersigned counsel, respectfully represents

and alleges as follows:

### FACTS

1.     For nearly three and one-half (3.5) years, the Debtor, the Bankruptcy Court and

Debtor's creditors have endured the succession of primary secured creditors, two serious fires

with tremendous losses and the temporary and permanent displacement of dozens of tenants,

trials on competing plans of reorganization, the inability of Debtor to propose a confirmable plan

of reorganization, the embezzlement of hundreds of thousands of dollars by Debtor's counsel,

the inability of Debtor to obtain new counsel, the inability of Debtor's replacement counsel to

find a path to reorganization, more than a year of delay in the confirming of the successor

secured creditor's plan of reorganization, and the delay in the secured creditor's plan going

effective for an extended period to allow the Debtor to attempt a "Hail Mary pass into the end

zone" by trying to find a buyer up to the 11th hour, 59th minute and 59th second.  Now, in that last

second before its own plan goes effective, Hartford Holdings, in the immortal words of Gilda

Radner's Emily Litella character, says to the Bankruptcy Court and the Debtor's creditors . . .

"NEVER MIND."

2.      Hartford Holding's Motion to Vacate is couched in terms of caring that Debtor's

equity holder Vera Mladen should get an undefined something on account of her equity interest

in the Debtor.  However, the Motion to Vacate is devoid of any explanation as to:  how, what,

when, or why and is equally silent as to what is to replace Hafford Holding's already confirmed

and ready to go effective plan if the Order confirming it is vacated.  In fact, nothing is said

which might describe what comes next for the Debtor, its pre-petition creditors, its

administrative creditors, Mrs. Mladen or the bankruptcy process which has been used and

abused for more than three years.  Is the Debtor's Chapter 11 case to be dismissed; is there to be

another plan of reorganization proposed by some party, is the Debtor's reorganization to be

converted to a liquidation under Chapter 7; is a Chapter 11 trustee to be appointed?  Lots of

questions and no answers are provided by Hartford Holdings' Motion to Vacate.  Platitudes . . .

lots.  Facts or enforceable obligations . . . none.

3.      The United States Trustee is not opposed to Debtor's equity receiving something

so long as all creditors:  administrative, secured, priority and general unsecured, and post-

confirmation tax claims are paid in full without undue delay.  Those are not the "hopes and

dreams" of the United States Trustee.  Instead, those are the already existing terms of Hartford

Holdings' Second Modified Fifth Amended Plan which Hartford Holdings now is asking the

Bankruptcy Court to vacate prior to putting in place a "replacement" process to achieve the same

2

results or even hinting at what that process might be.  Instead of facts and enforceable

assurances, Hartford Holdings gives only the equivalent of a "casual" "we'll take care of

everybody" in its Motion to Vacate without providing either an explanation or an enforcement

mechanism as a substitute for its enforceable contractual obligations to perform its duties under

its own, it hopes soon-to-be expendable, confirmed plan.

4.      Since at least June of 2016, the United States Trustee spoke in favor of the

Bankruptcy Court's confirming the Hartford Holdings' plan of reorganization as it existed then

and as it evolved to encompass the changes made necessary by the fires and other occurrences

which naturally affected the relevancy of the Hartford Holdings' plan.  In each instance,

Hartford Holdings' undertook to keep its plan relevant by undertaking and amending its plan to

provide for each change in circumstances, and the United States Trustee support for

confirmation continued with that evolution.  The United States Trustee did so because the

Hartford Holdings' plan as it evolved into the Second Modified Fifth Amended Plan dealt fairly

with Debtor's creditors and proposed to pay each 100 percent of each allowed claim and even

allowed for the Debtor's "Hail Mary" attempt to sell the property post-confirmation.

5.      The United States Trustee's support ends, however, when the obligor under the

confirmed plan, seeks to ditch its contractual commitments by seeking to have the plan that

encompasses those contractual commitments vacated only to be substituted with no explanation

of what replaces the now "unconfirmed" and assumedly abandoned plan, no replacement

enforceable commitments on its part, and no resolution proposed for the Debtor's bankruptcy

case.

**CONCLUSION**

Hartford Holdings has not sustained its burden of showing that the vacating of its confirmed Second Modified Fifth Amended Plan of Reorganization is in the interests of creditors and the bankruptcy estate.  In fact, Hartford Holdings has demonstrated only that it wants out of its obligations under its own plan and provide an undisclosed "something" to Debtor's equity-holder.  The only grounds for vacating the Order confirming Hartford Holdings' plan is that either it can no longer perform its obligations due to some catastrophic unforeseen circumstance or that it has a replacement which is superior to the existing plan.  There is no evidence of catastrophe and no evidence (or even disclosure) of  the terms of a superior plan, and even if a superior plan's terms were disclosed, the existing plan's confirmation Order should not be vacated until the "superior" plan is put in place after scrutiny by the Court, Debtor's creditors and the United States Trustee.  If Hartford Holdings simply needs to modify its existing plan, it may ask the Bankruptcy Court for permission to do so after describing the modification in detail, and the United States Trustee invites it to do so if it feels a modification is necessary to improve the existing plan.  However, the present relief requested by the movant should be denied..

Dated: July 26, 2017
    New Haven, Connecticut

Respectfully submitted,
WILLIAM K. HARRINGTON
United States Trustee for Region 2

By:    /s/ Steven E. Mackey
Steven E. Mackey/ct09932
USDOJ Trial Attorney
Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT  06510
(203) 773-2210

4