**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re: ETERNAL ENTERPRISE, INC,  ) | |
| ) | Case No. 14-20292 |
| Debtor-in-Possession.  ) | |
| ) | Chapter 11 |
| ) | |
| ) | August 16, 2017 |
| ) | |

**MODIFICATION TO
CREDITOR HARTFORD HOLDINGS, LLC's CONFIRMED
MODIFIED FIFTH AMENDED PLAN OF REORGANIZATION**

**I.    Introduction**

This **Modification to Creditor Hartford Holdings, LLC's Confirmed Modified Fifth Amended Plan of Liquidation** (the "**Modified Plan**") is the secured creditor Hartford Holdings, LLC's ("**Hartford Holdings**") modification of the plan previously confirmed by this Court on April 13, 2017 (ECF #996; the "**Plan**"), which changes the previously confirmed Plan from a plan of liquidation to a plan of reorganization.  Since the date of the confirmation hearings on this case in February/March of 2016, numerous events have taken place which have contributed to the delay in rendering of the Court's decision confirming the original Plan and the conclusion of this case.  Among the events that have caused such delay include the evident defalcation by the Debtor's former counsel and two fires at two different properties owned by the Debtor.  Over recent months, the Court has encouraged the parties to this case to find an "alternate path" to concluding this case.  This Modified Plan is in part responsive to that encouragement.

1624976

**A SUMMARY OF THE TERMS OF THE MODIFIED PLAN IS ATTACHED HERETO AS <u>SCHEDULE A</u>; HOWEVER, YOU ARE ENCOURAGED TO READ THIS ENTIRE DOCUMENT**

Treatment of general unsecured claims and administrative claims under this Modified Plan remains the same, or is enhanced.  The Modified Plan now provides for the retention of the Debtor's property by the Debtor.  A primary difference from the originally confirmed Plan and this Modified Plan is that rather than being a plan of liquidation, this is now a plan of reorganization. In addition, the Modified Plan provides for the payment of interest to general unsecured claims from the Filing Date to date of payment at 4%. Under this Modified Plan all obligations are treated, payment to unsecured creditors is provided for with interest from the date of the original petition, the secured claim of Hartford Holdings is  treated by restructuring the debt owed to it with the consent of Hartford Holdings (the Plan proponent, and the proponent of this Modified Plan).  Hartford Holdings remains as the plan proponent, and is the secured creditor of the Debtor, with a blanket lien on all its real estate and all other assets including all cash that is Hartford Holding's cash collateral derived from the rents generated by the Debtor during this case or otherwise, as well as any fire insurance proceeds to which the Debtor is entitled or has received payment. This Modified Plan represents certain substantial concessions by Hartford Holdings which allows for payment in full to general unsecured creditors with interest as described in Class 3.  As to members of Class 4 (Mladen family members), this Court has already determined that those parties were not creditors of this estate, and so this Modified Plan provides for no payment

2

to those claimed creditors.  *See,* Hartford Holdings v. Vera Mladen, *et al*. Adv. Proc. No. 15-02034, Memorandum of Decision and Order, September 16, 2017, ECF #84; hereinafter, **"Memorandum of Decision on Adversary Proceeding"**).

The only member of Class 5 (equity owner class), Vera Mladen, is the sole owner of the corporate stock of the Debtor.  Upon approval of this Modified Plan, she has agreed to transfer all of her stock interest to  SP Eternal, LLC and  ZH Eternal, LLC, in consideration of the total sum of $900,000 for her 100% equity interest in the Debtor

Hartford Holdings believes that this Modified Plan does not diminish any treatment of any creditor or interest as provided in the Plan, is consistent with the originally confirmed Plan or in some respect is more advantageous to general unsecured creditors, is realistic, maximizes the return on the value of the Debtor's assets for all concerned and together with the concessions made by Hartford Holdings returns to creditors whose claims are allowed more than they would receive if this case were converted to a proceeding for liquidation under Chapter 7 of Title 11 of the United States Code ("Code"), and the proceeds distributed in accordance with the priorities provided for under the Code.  This Modified Plan also provides a return to the equity owner, albeit from third parties.

As demonstrated in the Disclosure Statement (ECF #271, "**Fifth Amended Disclosure Statement by Plan Proponent Hartford Holdings LLC**"), in the event of such Chapter 7 liquidation, virtually all proceeds generated would be encumbered by the lien of Hartford Holdings, with no recovery for general

3

unsecured creditors or for that matter, administrative claims. Nothing would be recovered by the equity owner. The result of that liquidation analysis does not change.

## II.  **Definitions**

The following definitions apply when these terms are used in this Modified Plan, unless the context requires otherwise:

a. Debtor - Eternal Enterprise, Inc.

b. Administrative Claim - An allowed claim, the holder of which asserts and obtains a final order from this Court holding that it is entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Code.

c. Allowed Claim – Subject to the further explanation, below, a claim (a) which has been scheduled by the Debtor in the list of Creditors prepared and filed by the Debtor in the Bankruptcy Court, as the same may be amended, and is not listed as disputed, contingent or unliquidated as to amount or (b) as to which a proof of claim has been filed with the Bankruptcy Court within the applicable period of time fixed by the Bankruptcy Court, and in either case, as to which no objection to allowance thereof has been made within the time allowed for the making of objections, or as to which any such objection made has been, such objection has been withdrawn or dismissed pursuant to Court Order.  Hartford Holdings has objected to the claims of certain insiders (Vera Mladen; Dusan David Mladen; Goran Mladen, in the aggregate principal amount of approximately $980,060), which objection has been now been sustained by the Court (See,

Memorandum and Decision on Adversary Proceeding). Subsequent to the confirmation of the original Plan, the Debtor has filed and duly served notice of its amendment to Schedules (ECF #1121), such that the total amount of general unsecured claims has been modified from its originally stated amount of $75,267 to $31,779.22.

    d.    Allowed Priority Claim - That portion of an Allowed Claim entitled to priority under Sections 507(a)(2) through (8) of the Bankruptcy Code.

    e.    Allowed Secured Claim - An Allowed Claim which is secured by a valid perfected lien on property in which the Debtor has an interest, to the extent of the value of the interest of the holder of such Allowed Claim in such property of the Debtor as established by the agreement of the secured creditor, or as determined by the Bankruptcy Court pursuant to Section 506(a) of the Bankruptcy Code, or as scheduled or contained in a properly filed proof of claim with no objection being made as to such claim, together with such interest, fees, costs and charges as may be included in the Allowed Claim, and if necessary, as allowed by the Bankruptcy Court under Section 506(b) of the Code.

    f.    Court or Bankruptcy Court - The United States Bankruptcy Court for the District of Connecticut or such other Court as may hereafter have jurisdiction of an act with respect to this case.

    g.    Cash - Currency of the United States of America, including funds on deposit under the Debtor's name or control and as may be contributed by Hartford Holdings pursuant to this Plan, but excluding tenant security deposits.

h. Chapter 11 Case - The Chapter 11 case of the Debtor, Eternal Enterprise, Inc. under Chapter 11 of the Bankruptcy Code which has commenced on February 19, 2014 in the Bankruptcy Court, Case No. 14-20292.

i. Claim - A claim, as defined in Section 101(4) of the Bankruptcy Code, against the Debtor. Interest accrued on and accruing after the Filing Date shall not be part of any claim except with respect to an Allowed Secured Claim as permitted by Section 506 of the Bankruptcy Code.

j. Class - Claims or equity interests which are substantially similar to the other claims or equity interest in such class as classified pursuant to the Modified Plan.

k. Code or Bankruptcy Code - The United States Bankruptcy Code, 11 U.S.C. Sections 101 et seq. and all amendments thereto which are applicable to this case.

l. Confirmation Date - The date upon which the Modified Confirmation Order is entered.

m. Confirmation Order - The order of the Bankruptcy Court confirming the Modified Plan and approving the transactions contemplated herein.

n. Creditor - Any holder of an Allowed Claim, subject to any determination by the Court after resolution of an objection to any such claim.

o. Debtor - Eternal Enterprise, Inc.

p. Disputed Claim - Any Claim to which an objection to the Allowance thereof has been interposed and has not been determined by a Final Order.

1624976

q. Distribution Date – Date following the expiration of the appeal period upon entry of the Modified Plan Confirmation Order, plus 14 days.

r. Effective Date - The date which is 14 days after the order confirming the Plan becomes final and non-appealable.

s. Equity Interests - The rights of the owners and holders of common stock of the Debtor or any other equity interest in the Debtor.

t. Filing Date - February 19, 2014.

u. Final Order - An order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified or amended and (i) as to which any right to appeal or to seek certiorari or review has been waived or (ii) as to which the time to appeal or to seek certiorari or to review has expired and as to which no appeal or petition for certiorari or review is pending.

v. Insiders – Vera Mladen, Dusan David Mladen, Goran Mladen, Dijana Mladen, Gorica Mladen Adduci, Fedele Adduci, A.D. Property Preservation & Management, LLC, A.D. Property Group, LLC and any other relative of or Mladen family member or business, including any claims relating to rejection of any executory contract involving any Insider.

w. Modified Plan - This Modified Fifth Amended Plan as it may be amended or modified, together with all addenda, exhibits, schedules, or other attachments, if any.

x. Liquidation – The original plan for the liquidation of the Debtor.

7

1624976

y.      Tax Claim - An allowed claim, the holder of which asserts and is determined by a final order to be entitled to priority pursuant to 507(a)(7) of the Code.

### III.    Designation of Classes of Claims and Equity Interests

All claims against or interests in the Debtor, of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from transactions of Debtor or rejection of executory contracts whether resulting in an allowed claim or not, shall be bound by the provisions of this Plan.

Certain types of claims are automatically entitled to specific treatment under the Bankruptcy Code, and are not placed into any "class". They are not considered impaired, and the holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Bankruptcy Code. As such, Hartford Holdings has not placed the following claims in any class:

**Administrative Claim** - The costs and expenses of administration as defined in the Bankruptcy Code and allowed under Sections 503(b) and 507(a)(1) of the Code for which application for an allowance of claim is filed prior to the Effective Date as the same are allowed. The amount of administrative claims has not been determined by the Court, and such determination may take place after this Modified Plan is accepted and approved. All of such Administrative Claims that

8

have been or will be allowed by the Court and constitute a Final Order, together with allowed claims of the kind specified in Section 503(b) and 507(a)(1) of the Code shall be paid in Cash one hundred percent (100%) on the Distribution Date, or such later date upon which the Court enters a final order as to any Administrative Claim, or upon such terms as otherwise agreed between the Debtor and such Administrative Claim creditor and the agreement of Hartford Holdings. Any objection proceeding with respect to any such claim or any claim in this case shall not otherwise delay the implementation of this Modified Plan, after confirmation by this Court. Upon entry of a Final Order by the Court approving such application for allowance, the Debtor shall pay the sum provided for in such Order, and if necessary, from funds provided directly by Hartford Holdings. Further, any such approved and unpaid Administrative Claim will be secured by a lien on one of the Debtor's properties, 56 Webster Street, Hartford, Connecticut. Hartford Holdings reserves the right to object to any claim for allowance of an Administrative Claim, in which case an escrow will be created for such claim from Cash as may be available, or otherwise secured by the lien mentioned above, to allow consummation of this Modified Plan, with later payment to be made on such Administrative Claim after allowance by the Court and entry of a Final Order. Any such escrow will be established by the Debtor in a separate, segregated account, designated as an escrow account for this purpose. To the extent that there are insufficient funds in this estate to pay Administrative Claims or to fund the escrow, Hartford Holdings

9

agrees to separately fund such claim and as necessary, such Administrative Claims will be secured by the lien on 56 Webster Street mentioned above.

Any amounts due with respect to unpaid fees owed to the Office of the U.S. Trustee shall be paid from Cash or if necessary, further contribution from Hartford Holdings.

**Priority Claims** - There is a Priority Claim, which is due to the State of Connecticut, Department of Revenue Services, in the amount of $865. This claim will be paid in full on the Distribution Date. To the extent that there are insufficient funds available with the Debtor at the time of confirmation to pay this claim, Hartford Holdings will fund payment of this claim.

There are also Priority Claims in favor of individual tenants with respect to any security deposit they may have delivered to the Debtor, pursuant to their respective leases and Connecticut State law. These Priority Claims will be handled and dealt with in accordance with such lease agreements and state law. Such security deposits are subject to the limitations of Code Sec. 507(a)(7), which claims will be treated in the ordinary course by the Debtor under the Modified Plan.

The following summarizes the Classification of Claims established under this Modified Plan, indicating the approximate dollar amount of claims in that Class and whether the creditors within that Class are impaired or unimpaired by the Plan, and the treatment of the claims in that Class.

**Class 1**: This is the original claim of the Metropolitan District Commission ("MDC") for water services. That claim has already been paid by Hartford Holdings

10

1624976

and added to the Hartford Holdings debt. The MDC will receive nothing under this plan – because its debt has already been paid.

**Class 2**: This Class is comprised of the secured claims of Hartford Holdings, in the amount of $11,663,676.02 . The Hartford Holdings indebtedness owed by the Debtor will be treated in accordance with this Modified Plan as follows:

a. The Hartford Holdings Debt to be treated under this Modified Plan shall be established in the reduced amount of $7,282,262.59 (the "Restructured Debt") which amount shall then be paid under the restructured payment terms provided for herein. Pursuant to this Modified Plan, Hartford Holdings waives its right to payment of the unsecured portion of its debt. Payment upon the Restructured Debt pursuant to this Modified Plan will be based upon a five (5) year payment schedule, interest only, , with an interest rate of 5.625 %, and a balloon payment at the end of the five year term.

b. This class is impaired and so is entitled to vote on the Plan.

**Class 3**: This class is composed of the Allowed Claims of general unsecured Creditors, in the amount of $31,779.33 as indicated in the Debtor's Amended Schedule F (ECF #1121). This class will be paid 100%, together with 4% interest calculated from the date of the Filing Date.

**Class 4**: This class is composed of Insiders, all members of the Mladen family. Pursuant to its Memorandum of Decision on Adversary Proceeding this Court has determined that the claimants in this class are not creditors of this

11

1624976

estate. No provision is necessary in this Modified Plan for treatment in any way of this Class.

**Class 5**: This class is composed of the equity interest of Vera Mladen, as the sole owner of 100% of the stock in the Debtor. Ms. Mladen continues to own that equity interest. In consideration of the payment to be made from third parties mentioned above, and upon the Court's approval of this Modified Plan and the expiration of any appeal period, Ms. Mladen will convey her equity interest in the Debtor to SP Eternal, LLC and ZH Eternal, LLC, in equal shares or as otherwise required by said stock purchasers.

## IV. Assumption and Rejection of Executory Contracts and Leases

Except as otherwise provided herein, all executory contracts of the Debtor relating to the Debtor's operations and not assumed or rejected prior to the Modified Confirmation Order, and for which no motions are pending for its assumption on that date, shall be deemed rejected as of immediately prior to the Modified Confirmation Order. This Modified Plan specifically provides for the rejection of any executory contract including any employment or services contract between the Debtor and A.D. Property Preservation & Management, LLC, A.D. Property Group, LLC, and any member of or business owned or controlled by the Mladen family. Tenant residential leases in force at the time of Modified Confirmation Order will be deemed to have been assumed as of immediately prior to said order, which assumption is without prejudice as to any event of default that may exist under such lease pursuant to State law. The Debtor reserves the right to but is not

obligated to object to any claim for rejection damages. Any claim made for rejection of an executory contract and which becomes an Allowed Claim pursuant to a Final Order shall be included in Class 3.

## V.  Modification of the Plan

Hartford Holdings may propose amendments or modifications of this Modified Plan at any time prior to entry of the Modified Confirmation Order, with approval of the Court, upon such notice to creditors and parties in interest as is required. After entry of an order granting Hartford Holdings motion to modify its confirmed plan, Hartford Holdings may, with approval of the Court, and so long as it does not materially or adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Modified Plan, in such manner as may be necessary to carry out and implement the purposes and effect of this Modified Plan. Hartford Holdings submits that this Modified Plan does not negatively affect in any way the treatment or provisions of the original Plan as to any class of creditors herein. Rather, this Modified Plan provides better treatment for general unsecured creditors and the equity owner.

## VI.  Effect of Confirmation and Reversion of Property

The Debtor is entitled to the protections and benefits provided under Code Sec. 1141, including but not limited to subsection (a), which provides that all entities identified in that subsection are bound by the terms of the Modified Plan. The Modified Plan calls for the continued operation of the Debtor, after the date of the Modified Confirmation Order. The Debtor will continue to own its property and

will be engaged in business after the consummation of the Modified Plan, and so, to the extend provided by applicable law, the Debtor is entitled to receive a discharge, as provided for under Code Sec. 1141(d)(3). This is a plan of reorganization, and so upon confirmation, all property of the estate reverts to the Debtor.

### VII.   Retention of Jurisdiction

The Bankruptcy Court shall retain jurisdiction of these proceedings under the provisions of the Code and the Bankruptcy Rules to insure that the intent and the purpose of the Modified Plan is carried out and given effect. Without limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

To consider any further modification of the Modified Plan pursuant to Section 1127 of the Code and/or modification of the Modified Plan after substantial consummation as defined in Section 1101(d) of the Code.

To classify, allow, or disallow claims and direct distributions of funds under the Modified Plan, and to adjudicate all controversies concerning classification or allowance of any claim.

To enforce performance of the Modified Plan, including ordering distributions from any escrow account established under this Modified Plan.

To hear and determine all controversies, suits and disputes as may arise in connection with the interpretation or enforcement of the Modified Plan.

To hear and determine all claims arising from the rejection of executory contracts, and to consummate the rejection and termination thereof.

1624976

To liquidate damages or estimate claims in connection with any disputed, contingent or unliquidated claim.

To adjudicate all claims of an ownership interest in any property of the Debtor or of the estate, or any proceeds thereof.

To hear and determine all controversies, suits and disputes as may arise between or among the holders of any class of claim, or between the holders of any class of claim and the Debtor.

To hear and determine all applications for allowance for compensation and objections to claims.

To hear and determine such matters as may make such orders as are consistent with the Modified Plan as may be necessary or desirable to carry out the provisions thereof.

To hear and determine any and all pending applications, adversary proceedings, and contested matters, if any.

To hear and determine any avoidance claim or action that may be pending at the time of confirmation, or brought thereafter.

For entry of an order concluding and terminating this case.

**VIII.   Provision to Invoke Cram Down Proceedings if Necessary**

Hartford Holdings believes, and so claims, that under the Modified Plan put forth pursuant to its motion to modify a confirmed plan before consummation, no further confirmation proceedings are necessary, and so there will not be a new "confirmation hearing". The proposed Modified Plan does not impair or negatively

15

1624976

change in any way the treatment of any relevant class, particularly including the class of general unsecured creditors, Class 3 and the equity owner, Class 5. The proponent of this Modified Plan, Hartford Holdings (Class 2) is being treated differently, but as proponent, it waives any objection to the Modified Plan and any possible requirement for any new disclosure or confirmation hearing. If for any reason the Court determines that additional disclosure and/or a new confirmation hearing is necessary, Hartford Holdings claims the benefit of the cram down rights provided for in the Bankruptcy Code, under 11 U.S.C. Section 1129(a) For purposes of seeking confirmation under the cram down provision of the Code, should that alternative means of confirmation prove to be necessary, Hartford Holdings reserves the right to modify or vary the treatment of the claims of any class, so as to comply with the requirements of Section 1129(b).

Dated at Hartford, Connecticut on this 16th day of August, 2017.

        **MOVANT, MODIFIED PLAN PROPONENT,**
        **HARTFORD HOLDINGS, LLC**

        By:   */s/ Thomas A. Gugliotti*
        Thomas A. Gugliotti, Esq.
        Federal Bar. No. ct05288
        Updike, Kelly & Spellacy, P.C.
        100 Pearl Street, 17th Fl.
        P.O. Box 231277
        Hartford, CT 06123-1277
        Tel. (860) 548-2661
        Fax (860) 548-2680
        E-mail: tgugliotti@uks.com

# SCHEDULE A
# SUMMARY OF MODIFICATIONS TO PLAN

The following summary is provided for the convenience of creditors and interested parties, and should not be considered as a substitution of the complete Modified Plan.  The significant points of the Modified Plan include:

1. The confirmed plan will now be a plan of reorganization, not a plan of liquidation
2. The Debtor, Eternal Enterprise, Inc., will retain its property, rather than relinquishing all of its property to Hartford Holdings.
3. Hartford Holdings remains the plan proponent  (as in the original plan, now in this modified plan).
4. The Hartford Holdings debt will be restructured to a level that the Debtor can "service" post-confirmation, from its operations.
5. All unsecured creditors will continue to be paid in full.   However, unsecured creditors will also receive interest payments at 4% from the date of the petition.
6. Hartford Holdings will continue to provide funding back up for payments that may be needed upon confirmation, to the extent that cash is not otherwise available from the Debtor's funds
7. The equity owner, Vera Mladen, who was to receive nothing under the original plan, will now sell her stock to SP Eternal, LLC and  ZH Eternal, LLC, upon the Distribution Date.

17

1624976